Commonwealth ex rel. Gerstemeier, Appellant, *v.* Gerstemeier.

Argued September 19, 1961. Before ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ. (RHODES, P. J., absent).

Proceeding upon petition of defendant for modification of order of support. Before GROSHENS, J.

*Arthur Lefkoe*, with him *James R. Caiola*, for appellant.

*H. Lyle Houpt*, for appellee.

OPINION BY MONTGOMERY, J., November 16, 1961:

This is an appeal from a support order reducing a previous order for the support of three minor children.

The parties, Helen V. Gerstemeier and Robert E. Gerstemeier, Sr., were married January 27, 1945. There were six children born of this union, three of whom are the subjects of the proceeding: Robert, Jr., age 16, Richard, age 14, and Virginia, age 12. The other three children: Sharon, age 7, Jacquelyn, age 8, and Bruce, age 9 are in the custody of the appellee.

The parties were divorced January 2, 1958. At the original hearing for support the custody of the three older children was given to the mother and an order of $40 per week was imposed upon the appellee for

their support. Exceptions to that order were filed with the Court of Quarter Sessions of Montgomery County. These were dismissed on January 14, 1960, after which the appellee commenced payments on the order.

After the divorce was granted, appellee remarried on February 1, 1958 and now has two children by his second marriage.

On April 28, 1961 the appellee filed a petition to decrease the order, and on May 26, 1961 appellant filed a petition to increase the order. Hearings on the petitions were held simultaneously and resulted in a reduction in the order to $35 per week.

It is within the discretion of the trial court to determine the amount a husband or father should pay for support, and unless there is an abuse of that discretion, an appellate court will not undertake to modify or reverse such order. *Commonwealth ex rel. Saul v. Saul,* 175 Pa. Superior Ct. 540, 107 A. 2d 182.

The purpose of an order for support of the children of divorced parents is the support and welfare of the children, and not the punishment of the divorced husband. *Commonwealth ex rel. Yeats v. Yeats,* 168 Pa. Superior Ct. 550, 79 A. 2d 793.

A husband or wife seeking modification of a support order has the burden of showing, by competent evidence, such change in conditions as will justify modification. In considering the sufficiency of the husband's ability to pay support, not only the actual amount shown to have been received by the husband as income, but also the attendant circumstances must be considered. *Commonwealth ex rel. Thompson v. Thompson,* 171 Pa. Superior Ct. 49, 90 A. 2d 360.

In the present case the only significant changes of which evidence was presented were that the appellee had earned $8,488.27 in 1960, including overtime, which appellee testified was rare; that the appellee had re-

ceived a pay increase of $.17 per hour; and that appellee and his second wife had two children since the original support order was issued. In child support proceedings between divorced parents, the burden rests upon the mother to show such permanent changes in conditions or circumstances of the father as would justify an increase in the amount of support to be required from the father. *Commonwealth ex rel. Gudknecht v. Gudknecht*, 176 Pa. Superior Ct. 182, 107 A. 2d 129.

The appellant has failed to show any such change and the only permanent alteration of the situation is the birth of the two additional dependents of the father, which the lower court properly considered in reducing the amount of the original order. *Commonwealth ex rel. Gershman v. Gershman*, 181 Pa. Superior Ct. 76, 122 A. 2d 813; *Commonwealth ex rel. Bush v. Bush*, 170 Pa. Superior Ct. 382, 86 A. 2d 62.

Order affirmed.