513 A.2d 448

**Donna P. REITMEYER**

v.

**Robert J. REITMEYER, Appellant.**

Superior Court of Pennsylvania.

Submitted Jan. 17, 1986.

Filed July 28, 1986.

Madeline H. Lamb, West Chester, for appellant.

John J. Teti, Jr., Thorndale, for appellee.

Before BROSKY, JOHNSON and LIPEZ, JJ.

BROSKY, Judge:

This appeal is from the order modifying a previous support order and requiring appellant to pay $15 per week for the support of his daughter.

Appellant contends that: (1) the original support order should have been vacated as to appellant's daughter when she became 18 years old because of her failure to comply with Pa.R.C.P. 1910.3 (1) and (4); (2) he was deprived of his right to due process by not being afforded a hearing on whether support for his daughter should have been vacated when she reached the age of 18, (3) the court below did not apply the correct method of determining child support; (4) there was not sufficient evidence on the record to support the finding of the court below that the payment of child support would not cause an undue hardship to appellant; (5) there was not sufficient evidence on the record to support the findings of the court below as to the net incomes of the parties; (6) the court below abused its discretion in failing

to modify the original support order as to appellant's daughter.

We agree with appellant's third contention and, for the reasons that follow, vacate the order of the court below and remand this case for a recalculation of appellant's support obligation.

Appellant and appellee were divorced in December, 1970. On November 1, 1971, an order was entered which provided that appellant pay 30 dollars per week for the support of his two minor children, Debra and Bryan.

Debra became 18 years old in March, 1982. In June of 1982, appellant spoke by telephone with the Domestic Relations Office of Chester County, which, after contacting appellee, informed appellant that he had to continue to pay support for the benefit of Debra because she was still in college.

Appellant continued to make his support payments until the Fall of 1984 when his second wife, whom he had married in December, 1970, and with whom he had had two children, became ill with cancer. At that time, he fell behind in his support payments and consulted counsel.

Counsel, in September, 1984, filed a petition to terminate or modify and to remit arrearages. A hearing was held before a hearing officer on February 26, 1985. At the hearing, appellee presented a petition to modify support which included a request that Debra be allowed to intervene in the action to enforce her right to support.

At the conclusion of the hearing, the hearing officer recommended that appellee's petition be dismissed; that the January 24, 1972 support order be vacated as of August 1, 1984, as to appellant's son, Bryan, who had become 18 in July, 1984 and was living at home and working; that the order be otherwise modified to 15 dollars per week for Debra retroactive to August 1, 1984; and that any arrearages that would be created by these recommendations be remitted.

Appellant timely filed exceptions to the hearing officer's recommended order. Appellee filed no exceptions to the recommendations. On August 25, 1985, the court below dismissed appellant's exceptions. This appeal timely followed.

Appellant first contends that no order continuing support should have been entered because neither appellee nor Debra brought an action to continue support when Debra became 18 in 1982 and because appellee did not comply with Pa.R.C.P. 1910.3(4) [1] when, in response to appellant's 1984 petition, she filed her petition in which she sought to have support continued for Debra. Implicit in appellant's argument is the point that the January 24, 1972 order of support was no longer effective as to Debra after she became 18. We must disagree with appellant.

We note preliminarily that:

It is settled law in Pennsylvania that in absence of an agreement to educate "a father has no duty to aid in providing a college education for his child, no matter how deserving, willing or able a child may be, unless the father has sufficient estate, earning capacity or income to enable him to do so without undue hardship to himself." *Emrick v. Emrick*, 445 Pa. 428, 430–431, 284 A.2d 682 (1971); *Hutchinson v. Hutchinson*, 263 Pa.Super. 299, 300, 397 A.2d 1218, 1219 (1979). However, a support order may be entered against a parent for a child's college education, even in the absence of an agreement to support the child past the age of eighteen, as long as this obligation would not result in undue hardship to the parent. *Brake v. Brake*, 271 Pa.Super. 314, 413 A.2d 422 (1979).

---

**1.** Pa.R.A.P. 1910.3 provides the following in relevant part:

An action shall be brought

(1) by a person, including a minor spouse, to whom a duty of support is owing, or

    .    .    .    .    .

(4) by a parent on behalf of a child over eighteen years of age to whom a duty of support is owing, with the written consent of the child.

*Stump v. Church*, 333 Pa.Super. 166, 169–70, 481 A.2d 1358, 1360 (1984), quoting, *Lederer v. Lederer*, 291 Pa.Super. 22, 24–25, 435 A.2d 199, 200–201 (1981).

In the instant case, the parties in 1971 had entered into a stipulation which provided that "the Father shall pay the sum of Thirty Dollars ($30.00) per week for the support of two minor children, until the children become of age or self-supporting." However, the order of support entered by the court below on January 24, 1972, neither set forth the settlement agreement in full nor incorporated it by reference. The order merely stated that the court had considered the parties' stipulation and upon such consideration was ordering that appellant "henceforth pay to Clide L. Kahler, Chief Probation Officer of Chester County, the sum of thirty dollars ($30.00) per week for the support of his two minor children."

Thus, the 1972 order did not terminate by its own terms as to Debra when she became 18, but obligated appellant to keep making the payments called for by the order until such time as he filed a petition to modify that order and proved that there had been a substantial change of circumstances. See *Commonwealth ex rel. Cochran v. Cochran*, 339 Pa.Super. 602, 489 A.2d 804 (1985).[2] When Debra became 18, there was, therefore, no need for appellee to file, with Debra's written consent, a petition to continue support, see Pa.R.C.P. 1910.3(4), or for Debra to file an action in her own right to continue support, see Pa.R.C.P. 1910.3(1).

Appellant also contends that he was deprived of his right to due process by not being afforded a hearing on whether support for his daughter should have been vacated when she became 18. Appellant's argument appears to be

2. Even if the parties' 1971 agreement had been incorporated in the 1972 order, it is arguable that appellant would have been obligated to pay $30.00 per week until both of his children were no longer minors. Such a conclusion would follow from the facts that the agreement did not specify how much of the $30.00 was to go to each child and that the agreement called for the payment of $30.00 per week until "the *children* become of age."

that because an employee of the Domestic Relations Office told him that he would have to keep paying support for Debra despite the fact that she was 18, he was somehow denied a hearing on the question of whether the support order should have been vacated as to Debra.

Appellant's argument misses the point that the court below did not act to continue support for Debra without giving appellant a hearing. As discussed previously, the support obligation of appellant simply continued beyond Debra's eighteenth birthday under the 1972 support order in conjunction with which appellant had been given a hearing.

■ The fact that appellant's telephone request to the Domestic Relations Office to drop Debra from the support order was refused also does not establish that appellant was denied due process. All that appellant had to do to have been afforded a hearing on the question of whether the support order should be modified because Debra had turned 18 was to (as he eventually did) file a petition to modify the order. See Pa.R.C.P. 1910.18. The fact that appellant was unrepresented by counsel at the time of his request and apparently did not know of his opportunity to be heard on the question of his support obligations hardly establishes that he was denied such an opportunity.

■ Appellant next contends that the court below erred in not applying the standard set forth in *Melzer v. Witsberger*, 505 Pa. 462, 480 A.2d 991 (1984). In *Melzer*, our Supreme Court set forth uniform guidelines for the calculation of child support. It held that in making such a calculation, the hearing court must determine: (1) the reasonable expense of raising the children involved; and (2) the respective abilities of the parents to support their children. After it has made these determinations, the court is to calculate each parent's total support obligation in accordance with the formula set forth in *Melzer*. Finally, once each parent's total support obligation has been defined, the hearing court must determine what portion of that obligation may be offset by support provided directly to the children. The total support obligation may be offset only by such volun-

tary expenditures as actually satisfy the obligation of reasonable and necessary support. *Id.* Although the figure thus arrived at for the amount of support which must be satisfied by way of support payments to the other parent is not required by *Melzer* to be mechanically adhered to by the hearing court, it must be determined and used by the court as a framework for its decision.[3]

In *Stump,* supra., this Court considered a case in which the appellee had sought the termination of a support order as to one of his children who had reached the age of 18, had graduated from high school and was attending a preparatory school. We held that the guidelines set forth in *Melzer* were to be used in the calculation of child support in that situation, with the added proviso that the amount of support determined by using the *Melzer* guidelines must not cause an undue hardship on the supporting parent.

Thus, in the instant case the court below should have used the *Melzer* guidelines as a framework for its decision. We must agree with appellant that the court did not do so, nor did it make all of the factual determinations necessary to an application of the guidelines. The court below failed to determine the parties' reasonable living expenses and, thus, could not have been able to determine appellant's ability to suppport Debra. See *Melzer,* supra. Moreover, while the court below states that its independent calcula-

---

**3.** We note the enactment of H.B. 98 as amended on October 8, 1985, effective January 6, 1986, which amended Title 23 Pa.C.S., to add § 4322 which provides:

§ 4322. Support guidelines.

The courts of common pleas shall develop guidelines for child and spousal support so that persons similarly situated shall be treated similarly. The guidelines shall be based upon the reasonable needs of the child or spouse seeking support and the ability of the obligor to provide support, the guidelines shall place primary emphasis on the net incomes and earning capacities of the parties, with allowable deviations for unusual needs, extraordinary expenses and other factors, such as the parties' assets, as warrant special attention.

We do not believe this statute has superseded *Melzer* in child support cases, but rather find it to be consistent with that case. The considerations set forth in the statute are precisely those which *Melzer* held that the courts of common pleas must use in formulating support orders.

tions confirm the parties' incomes as found by the hearing officer, it does not state what these incomes are, and the hearing officer's findings do not appear in the record before us.[4] Under these circumstances, we believe we must remand this case for the court to make the determinations necessary to an application of the *Melzer* formula.[5] The amount of support thus arrived at should be used by the court as a framework for its decision, keeping in mind the rule that any support ordered may not result in undue hardship to appellant. The court may, of course, take further testimony in order to aid it in making these determinations.

Order vacated. Case remanded for proceedings consistent with our opinion. Jurisdiction relinquished.[6]

4. These findings do appear in appellant's reproduced record. A reproduced record is, however, not part of the record on appeal, see Pa.R.A.P. 1921, and, therefore, the findings may not be considered by us. See *Commonwealth v. Young*, 456 Pa. 102, 317 A.2d 258 (1974). We do note for the benefit of the court below that appellant would appear to be correct that the findings of the hearing officer as to the parties' incomes are not supported by the record.

5. Although appellant argues that there was no finding of Debra's reasonable needs, the court below did, in fact, make such a finding and that finding is supported by the record.

6. Given our disposition, we find it unnecessary to address the other issues raised by appellant.