528 A.2d 233

Candy Sue HARTLEY

v.

D. Michael HARTLEY, Appellant.

Superior Court of Pennsylvania.

Argued April 30, 1987.

Filed June 30, 1987.

James Coulter, Butler, for appellant.

William C. Robinson, Butler, for appellee.

Before CIRILLO, President Judge, and MONTEMURO and TAMILIA, JJ.

TAMILIA, Judge:

Appellee/wife brought a petition to modify an earlier spousal and child support award entered against appel-

lant/husband. Husband [1] timely appeals an Order of the lower court which granted modification of the support award. He alleges the lower court erred in failing to credit him for real estate taxes he paid on the marital residence.

A detailed recitation of the facts in this case is necessary in order to understand the issue on appeal. The parties to this action separated in February of 1982. An Order of November 10, 1982, required husband to pay $1200 per month support for wife and three minor children, and $490 per month mortgage on the marital domicile. [2] A modification to the original Order, dated November 7, 1983, continued to place the support obligation on the husband, ordering him to pay $1200 per month for support of wife and two minor children and $490 per month mortgage on the marital domicile. [3] A subsequent modification to the support Order was made on May 6, 1985, requiring husband to pay $1435 per month for the support of wife and two minor children. [4] A divorce Decree was entered December 3, 1985. By a subsequent Order of Court dated February 18, 1986, husband was ordered to pay, retroactive to June 5, 1985, $1600 per month support and maintenance for wife and one minor child. [5] The same Order also stated:

Effective February 13, 1985 and continuing during occupancy of the marital property Candy Sue Hartley shall pay the monthly mortgage installments. In addition it is ordered that Candy Sue Hartley pay the insurance expense, the taxes and the cost of maintenance. The afore-

1. Parties were granted a divorce on December 3, 1985 reserving to wife all claims for support, alimony, and equitable distribution of property. Parties will be designated husband and wife in the Opinion for clarity.

2. Findings of November, 1982, indicate wife was unemployed and husband earned $2,829.67 per month net income.

3. Findings of October 26, 1983, indicate wife was unemployed and husband had net income of $3,352.40 per month.

4. Findings of April 24, 1985, indicate wife was unemployed and husband earned net income of $3,577.00 per month.

5. Findings of February 9, 1986, state that husband had gross income in 1984 of $73,181.13 and net income of $57,919.53. Wife had no income in 1984.

mentioned expense shall be pro-rated on a calendar year basis in computing the respective obligations for 1985. The said David M. Hartley shall be credited with the expenses he has paid upon producing to Domestic Relations Services receipts evidencing the payments.

(Findings and Order, 2/18/86, p. 6).

Wife filed a motion for post-trial relief on March 4, 1986, requesting among other things, that the court eliminate the provision requiring wife to pay monthly mortgage installments on the marital property and insurance expenses, taxes, and cost of maintenance from February 13, 1985.

On July 11, 1986, Senior Judge George P. Kiester, specially presiding, ordered husband to pay, effective June 5, 1985, $1600 each month for support and maintenance of wife and minor child. In addition, the Order stated:

Effective February 13, 1985 and continuing during occupancy of the marital property Candy Sue Hartley shall pay one-half of the monthly mortgage installments. In addition it is ordered that Candy Sue Hartley pay one-half the insurance expenses, one-half the taxes and one-half the cost of maintenance. The aforementioned expense shall be pro-rated on a calendar year basis in computing the respective obligations for 1985. The said David M. Hartley shall be credited with the expenses he has paid upon producing to Domestic Relations Services receipts evidencing the payments.

(Revised Order of Court, 7/11/86, p. 6).

Domestic Relations Services furnished the parties with an accounting filed September 26, 1986 as required by the July 11, 1986 Order of Court. This accounting indicated husband owed arrearages amounting to $6,560.26. Husband filed exceptions to this accounting alleging that Domestic Relations had failed to include a credit to him with respect to "all taxes paid by him on the subject premises and included directly or by reference in the prior Order of Court." [6]

6. Wife, on September 29, 1986, also filed exceptions to the accounting, but the allegations of such exceptions are not relevant to this appeal.

During the proceedings on the exceptions held before Judge Kiester, husband's counsel stated that the real estate tax payments for which husband now seeks credit were for the tax years 1982 and 1983. These real estate taxes had not previously been paid by either party. Husband paid the 1982 and 1983 taxes in two installments. The first payment, made August 28, 1984, was in the amount of $701.24 and the second payment, made September 20, 1985, was in the amount of $2,171.70. The accuracy of the figures was not disputed. Husband's counsel argued only that both payments should be credited to husband against his support arrearages. He urged that since no Order prior to the retroactive Order of July 11, 1986 specifically distributed the responsibility of payment of real estate taxes between husband and wife, husband should be credited for his payment. Additionally, husband's counsel asserted the September 1985 payment post-dated the retroactive Order which was effective February 13, 1985 and, therefore, husband should receive credit for that payment.

In a memorandum filed October 6, 1986, Senior Judge Kiester ruled on the parties' various exceptions to the accounting, and adjusted the arrearage figure to $7,135.67 instead of $6,560.26. Husband filed this appeal on November 3, 1986 from judgment entered November 3, 1986 in favor of wife.

After careful consideration of the facts presented by this case, this Court must affirm the decision of the lower court.

■■■ It is within the discretion of the lower court to determine the amount of a support Order. *Costello v. LeNoir*, 462 Pa. 36, 337 A.2d 866 (1975); *see Shank v. Shank*, 298 Pa.Super. 459, 444 A.2d 1274 (1982); *see also Commonwealth ex rel. Gerstemeier v. Gerstemeier*, 196 Pa.Super. 308, 175 A.2d 105 (1961). Likewise, it is within the discretion of the trial court to determine under all the circumstances what is just and equitable to the child and to the father. *Commonwealth ex rel. Silverman v. Silver-*

*man,* 180 Pa.Super. 94, 98, 117 A.2d 801, 803 (1955). It is also within the court's discretion to give only such credit to the father for contributions made in excess of the Order as it deems proper. *Id.*

■ Although the original support Order did not specifically designate whether husband or wife was to be responsible for payment of the real estate taxes on the marital property, the Order was before the trial judge for modification on several separate occasions and husband did not raise the issue. Case law indicates that husband could have argued that he be given credit for payments made by him outside the scope of the support Order governing during that time period, and the court could have considered whether credit was to be given against his support arrearages.[7] Upon modification in July of 1986, the trial judge did, in fact, address the matter by issuing a modified Order imposing a pro-rata responsibility retroactive only to February 13, 1985 and not to the 1982, 1983 or 1984 tax years. At the time this Order was under consideration, the lower court did not give husband credit for the tax payments.

As this Court said in *Silverman, supra:*

The support laws of this Commonwealth were enacted primarily to provide support to those in need of it through compulsory payments by those who should provide it. Although past payments, particularly if they were meant to provide future support, are matters for the court's consideration in making or amending orders and in punishing contempt, nevertheless the law contemplates that provision shall be made for those in need, at the time they are in need, and those responsible for providing these present needs cannot avoid future liability solely because

7. *See Prescott v. Prescott,* 284 Pa.Super. 430, 433, 426 A.2d 123, 125 (1981) (court abused its discretion in completely cancelling all of the arrearages owed), and *Melzer v. Witsberger,* 505 Pa. 462, 473, 480 A.2d 991, 997 (1984) (a parent may receive credit only for those expenditures which actually satisfy the obligation of reasonable and necessary support).

of past contributions. This is particularly true where children are involved.

*Id.*, 180 Pa.Superior Ct. at 98, 117 A.2d at 803.

This Court recognizes that the role of an appellate court in support proceedings is limited; absent a clear abuse of discretion, we will defer to the Order of the lower court. *Scanlon v. Scanlon*, 311 Pa.Super. 32, 37, 457 A.2d 98, 101 (1983) (citing *Commonwealth ex rel. Vona v. Stickley*, 287 Pa.Super. 296, 430 A.2d 293 (1981)). In *Scanlon, supra*, we said:

> A finding of abuse is not lightly made but only upon a showing of clear and convincing evidence.... An abuse of discretion does not necessarily imply a willful abuse, but if, in reaching a conclusion, the law is overridden or misapplied or the judgment exercised is manifestly unreasonable as shown by the evidence or the record, discretion is then abused and it is the duty of the appellate court to correct the error.

*Scanlon* 311 Pa.Super. at 39, 457 A.2d at 101 (citations omitted).

Finding no such abuse of discretion in this case, we must affirm the judgment of the lower court.

Judgment affirmed.