555 A.2d 237

**Eva J. SZILLERY, Appellant,**

v.

**Paul S. WHEATON, Appellee.**

Superior Court of Pennsylvania.

Argued Nov. 29, 1988.

Filed Feb. 23, 1989.

Eva J. Szillery, in propria persona.

Craig S. Boyd, Boyertown, for appellee.

Before McEWEN, MONTEMURO and KELLY, JJ.

KELLY, Judge:

This is an appeal by appellant, Eva J. Szillery, from an order dated February 23, 1988, directing appellee, Paul S. Wheaton to pay $90.00 per week for child support, and denying appellant's Petitions for Further Discovery and Additional Hearing and for Counsel Fees, Expenses and Costs. We affirm.

On June 18, 1986, appellant filed a complaint, in Lancaster County, requesting child support for her son, Scott Wheaton, who was born out-of-wedlock on June 6, 1986. A support conference was held and at that time the appellee denied paternity and refused to submit to blood tests. Blood tests were ordered pursuant to the Uniform Act on Blood Tests to Determine Paternity.[1] Appellee, however, did not go through with the blood tests and on October 28, 1986, he signed an Acknowledgement of Paternity. Thereafter, appellee sought to revoke the Acknowledgement and he petitioned for blood tests to be taken. Following an evidentiary hearing, appellee's petition was denied. The case was then referred to the Domestic Relations Office for a conference to establish an appropriate support order.

A conference was held and the hearing officer recommended an order requiring appellee to pay $70.00 a week in child support. Appellant appealed the recommended order pursuant to 1910.11(f). A complex support hearing was held on November 17, 1987. After the hearing, appellant petitioned for Further Discovery and Additional Hearing. She also filed a Petition for Counsel Fees, Expenses and Costs.

On February 23, 1988, the court sustained appellant's appeal from the recommended order and directed appellee to pay $90.00 a week in child support. Appellant's Petition for Further Discovery and Additional Hearing and the

1. 42 Pa.C.S.A. §§ 6131–6137.

Petition for Counsel Fees, Expenses and Costs were denied and dismissed. This timely appeal followed.

On appeal, the appellant raises the following four issues:

I.   Did the trial judge err in not considering Defendant's Petition for Blood Tests vexatious, after Defendant had acknowledged paternity, was provided an opportunity for blood tests, which he failed to take?

II.  Did the trial judge fail to consider the higher living expenses in Montgomery County and the costs incurred by Plaintiff in raising her other child from her sole income?

III. Did the trial judge fail to include Defendant's income from his Christmas tree business in determining the amount Defendant's net income available for child support?

IV.  Did the trial judge fail to include Defendant's income from real estate sales and car sales in determining the amount of Defendant's net income available for child support, or else accept the Petition for Further Discovery and Additional hearing?

(Appellant's Brief at 2).

■ In *Shutter v. Reilly,* 372 Pa.Super. 251, 539 A.2d 424 (1988), this Court restated the standard of review applicable in child support cases:

... our standard of review is such that we will not overturn a child support order unless the court abused its discretion in fashioning the award, such abuse will be found where there is insufficient evidence to sustain the award or where the law is overridden or misapplied.

539 A.2d at 426 (citations omitted). Similarly, upon review of a denial of a Petition for Counsel Fees, Expenses and Costs, we recognize that the matter is within the trial court's discretion and will only be reversed on appeal when there is a clear abuse of that discretion. *See American Mut. Liability Ins. v. Zion and Klien,* 339 Pa.Super. 475, 489 A.2d 259 (1985); *Shearer v. Moore,* 277 Pa.Super. 70, 419 A.2d 665 (1980).

After a thorough review of the briefs of the parties, the record and the opinion of the learned trial court, it is our determination that there is no merit to issues I, III and IV raised by appellant. The trial court comprehensively discusses these issues and the applicable law in support of its rulings. Finding no abuse of discretion or error of law, we affirm on the basis of the trial court opinion as to those issues.

With respect to issue II, we find the particular arguments raised require that we add to the trial court's analysis. Therefore, we address this issue on the merits.

Appellant contends that the trial judge failed to consider the higher living expenses in Montgomery County and the costs incurred by the appellant in raising her other child from her sole income. Upon review of the record, we find appellant's assertions without merit.

This Court has recently had occasion to comprehensively discuss a trial court's obligation in a child support case. *DeWalt v. DeWalt*, 365 Pa.Super. 280, 529 A.2d 508 (1987). This Court stated in *DeWalt v. DeWalt, supra:*

In order to calculate the support obligation of each parent, the court must first determine the reasonable needs of the children. Reasonable expenses are not limited to the bare necessities. A child is entitled to a reasonable standard of living based upon the social station, fortune and financial achievements of their parents.

The court must next determine the respective abilities of the parents to support their children. To arrive at this amount, the court must make an allowance for the reasonable living expenses of each parent. The court must then calculate the parent's net income or earning capacity if that figure differs from actual income. The trial court must consider every aspect of a parent's financial ability to pay support.

In *Melzer v. Witsberger*, 505 Pa. 462, 480 A.2d 991 (1984), a plurality of our Supreme Court, per Justice Larsen, established guidelines for the calculation of child support awards.

\* \* \* \* \* \*

However, a majority of the Court eschewed strict me-
chanical formulas and endorsed a flexible approach in
these areas. *Id.,* 505 Pa. at 477–78, 480 A.2d at 999
(Flaherty and Hutchinson, JJ. concurring).

A majority of the Court did agree that each parent's
support obligation should be determined based upon the
reasonable needs of the children and the parent's reason-
able expenses and earning capacities. The members of
the Court differed over whether these criteria should be
applied via a mathematical formula or whether we should
trust in the judgment and discretion of our trial courts.
In interpreting *Melzer,* the Superior Court has adhered to
a middle course. We have recognized the validity of the
*Melzer* formula but at the same time we have remained
aware of the majority's admonition that the formula
should not be inflexibly applied. *Therefore, we have
required trial courts to calculate the Melzer formula
but we have allowed them to adjust the resulting sup-
port obligation if deviation from the formula is war-
ranted under the particular circumstances.*

529 A.2d at 510–11 (emphasis added); *see also Shutter v.
Reilly, supra.*

Appellant contends that the Lancaster County guidelines,
the county in which the cause of action was commenced,
should not be considered, rather, she argues that the Mont-
gomery County guidelines should be applied because that is
the county where the child lives. Specifically, appellant
alleges that if the child is living in a county with higher
living expenses, that county's guidelines should be applied
and the court should not consider the guidelines where the
support-giving parent is living. Further, appellant asserts
that the hearing court should have disregarded the Lancas-
ter County guidelines for support and based the amount of
support on the actual child care expenses and on appellee's
actual earning capacity.

In 1985, the Legislature promulgated Section 4322
which provides:

> The courts of common pleas shall develop guidelines for child and spousal support so that persons similarly situated shall be treated similarly. The guidelines shall be based upon the reasonable needs of the child or spouse seeking support and the ability of the obligor to provide support. In determining the reasonable needs of the child or spouse seeking support and the ability of the obligor to provide support, the guidelines shall place primary emphasis on the net incomes and earning capacities of the parties, *with allowable deviations for unusual needs, extraordinary expenses and other factors, such as the parties' assets, as warrant special attention.*

23 Pa.C.S.A. § 4322 (emphasis added). In promulgating Section 4322, the Legislature attempted to ensure that persons similarly situated would be treated the same while at the same time recognizing that deviations should be allowed for unusual needs, expenses, or other factors which required special attention. *See* 23 Pa.C.S.A. § 4322; 50 House Leg.J. 1465 (1985). Although Section 4322 was promulgated in response to our Supreme Court's decision in *Melzer*, Section 4322 has not superceded *Melzer*.

▮ Both Montgomery County and Lancaster County have promulgated support guidelines pursuant to Section 4322 and the *Melzer* formula. As a result, in either county, the trial court must consider the reasonable needs of the child and the custodial parent, which will reflect the standard of living of the county in which the child resides. Thus, regardless of which county support guidelines the trial court applies, the standard of living of the county in which the child resides is considered.

Review of the record in the instant case reveals that the trial court considered the reasonable needs and expenses of appellant, appellee and the child, as well as the appellee's actual earning capacity. Moreover, in fashioning an appropriate support award, the trial court applied the *Melzer* formula and the Lancaster County support guidelines. As a result, the higher living expenses incurred from living in

Montgomery County were reflected in the trial court's support award.[2] Thus, we find appellant's contentions without merit.

Appellant also asserts that the amount of support granted shows the court failed to consider that appellant furnishes sole support for her daughter from a prior marriage. Based on the reasons which follow, we find no merit in appellant's contentions.

■ The fact that appellant's other child affects the amount of her resources, if any, available to support appellee's child, is unquestionably relevant. *Butler v. Butler*, 339 Pa.Super. 312, 488 A.2d 1141 (1985); *see also Marshall v. Ross*, 373 Pa.Super. 235, 540 A.2d 954 (1988). However, review of the record reveals that the trial court did consider the fact that appellant furnishes sole support for her daughter. Thus, her contention that this factor was improperly ignored lacks a factual basis. (*See* Trial Ct.Op. at 2, 4).

Based upon the foregoing, we find appellant's issues are without merit. Accordingly, we affirm.

---

**2.** We note that the trial court's award of $90.00 per week exceeded the recommended award calculated pursuant to the Lancaster County guidelines by approximately $30.00. Additionally, even if the trial court had applied the Montgomery County support guidelines, the recommended award would have only been $93.46.