# DellAntonio v. DellAntonio

C.P. of Clearfield County, no. 92-329-SD.

*Thomas M. Bianco,* for plaintiff.
*James A. Naddeo,* for defendant.

AMMERMAN, *J.,* March 20, 2001—Joseph DellAntonio (Father) is requesting that this court modify his child support payment from the current obligation of $3,800 per month to $1,800 per month. The parties are the parents of three children ages 16, 15 and 12, who reside with Mother. Both parents are successful professionals in their respective fields. Initially, it is noted that in a petition to modify a support order, the petitioner carries the burden of proving by competent evidence that a material and substantial change of circumstances has occurred since the entry of the original support order. *Palmatier v. MacCartney,* 365 Pa. Super. 300, 529 A.2d 518 (1987). In the instant case, Father does not argue that there is a substantial change of circumstances since the entry of the original support order and, consequently, this court would deny his request. However, Father does take issue with (1) the determination of the "reasonable needs" of the children and (2) the parents' ability to pay. Although these questions were addressed during the

original support proceedings, this court shall address the issues now.

Child support is generally determined through application of the guidelines promulgated in Pa.R.C.P. 1910.1 et seq. However, in cases where the parties' combined monthly income exceeds $15,000, supplemental analysis is required. Specifically, Rule 1910.16-2(e)(2), High income child support cases, provides:

"When the parties' combined net income exceeds $15,000 per month, child support shall be calculated pursuant to *Melzer v. Witsberger,* 505 Pa. 462, 480 A.2d 991 (1984). The presumptive minimum amount of child support shall be obligor's percentage share of the highest amount of support which can be derived from the schedule or the chart for the appropriate number of children and using the parties' actual combined income to determine obligor's percentage share of this amount. The court may award an additional amount of child support based on the remaining combined income and the factors set forth in *Melzer.*"

Therefore, the court must apply the support guidelines and additionally conduct a *Melzer* examination. Rule 1910.16-3 sets forth the basic child support obligation for parents with a combined net monthly income of $15,000 at $3,480. Therefore, the court will use this statutory guide as a baseline when considering the obligation warranted in the present case.

The fundamental requirements of child support, as stated by our Supreme Court in *Conway v. Dana,* 456 Pa. 536, 540, 318 A.2d 324, 326 (1974), and as are stated in *Melzer,* 505 Pa. at 468, 480 A.2d at 994, are here reiterated, "In the matter of child support we have always

expressed as the primary purpose the best interest and welfare of the child . . . . Support, as every other duty encompassed in the role of parenthood, is the equal responsibility of both mother and father. Both must be required to discharge the obligation in accordance with their capacity and ability."

Pursuant to the court's observation of the purpose of child support, the *Melzer* court also admonished that our courts had "never established an orderly method for the calculation of support awards" and set forth a four-step method. The first step requires a court to determine the reasonable needs of the children. "Reasonable needs" are based on the particular circumstances of the case and include the needs, custom and financial status of the parties. That court observed that parents have an *obligation* to share with their children the benefit of their financial achievement. *Melzer* at 470, 480 A.2d at 995.

In the case currently before this court, Mother provided a detailed list of the monthly expenses incurred to satisfy the reasonable needs of these children, which totals $8,277. The court carefully considered these expenses and the relevant case law. While it is true that Mother simply divided the monthly expenses by fourths and attributed three-fourths of all expenditures to the children, there is a logical basis for this. In *Shutter v. Reily,* 372 Pa. Super. 251, 539 A.2d 424 (1988), the court held that a portion of reasonable mortgage payments as well as property taxes, insurance costs and utility fees are necessary and inescapable costs of maintaining a household and providing a sufficiently safe home for a child and can be considered in determining child support obligations. However, that court did not state the appropriate portion

and instead said that "[t]he proportion of these expenses that should be allocated to the child's reasonable needs will, of course, depend upon the county guideline formulas, as well as the sound discretion of the trial court." *Shutter,* 372 Pa. Super. at 262, 539 A.2d at 429.

In the instant case, this court finds such a division appropriate under the circumstances. The Mother has custody of three children and she is obligated to provide for them in the lifestyle that the parents' incomes allow. Because there are three children, a larger house is needed, the bills are proportionally higher and expenses multiply accordingly. While it may not always be true that one child would be responsible for half of a mortgage or half of the monthly utility bills, in families with several children this proposition is more likely. As previously discussed, Mother must keep a larger house and incur additional expenses simply because she is caring for three children. While Father argues that this approach inflates the children's "reasonable" needs, he does not thereafter give an alternative formula for the court to employ. The court concludes that in consideration of the above analysis, the lifestyle that these young adults are accustomed to, and in observance of the financial ability of each parent, this court finds these expenses to be reasonable under the facts of this case.

The second step is to determine the respective abilities of the parents to support their children. As previously mentioned, both of these parents are successful in their respective fields. Mother is a dentist with her own practice and father is a business entrepreneur. As determined by a review of the parties' recent federal income tax forms, Mother's net monthly income is $8,872.60

and Father's net monthly income is $8,750. However, the inquiry into the ability to pay does not stop here. The court must also consider the parties' property, earning capacity and any other factor which contribute to income. The court has long recognized that income tax numbers can be legally manipulated to give the appearance of lower income. See *Flory v. Flory,* 364 Pa. Super. 67, 71-72, 527 A.2d 155, 157 (1987) *(trial court erred in using father's reported income as federal income tax law permits deductions which may not reduce a parent's disposable income).* Furthermore, Father is the sole shareholder in two S corporations. In order to calculate income available for support where a payor owns his own business, the court must consider actual available financial resources. *Calabrese v. Calabrese,* 448 Pa. Super. 166, 173, 670 A.2d 1161, 1165 (1996). "Otherwise put, 'cash flow' ought to be considered and not federally taxed income." *Id.* With these guidelines in mind, the court must determine the actual cash flow available to these parents.

According to Father's statement of assets and liabilities[1] Father has a net worth of $2,704,364 as of December 2000. The court will consider this value in determining Father's child support obligation.

Father urges the court to conclude that his net after-tax income, excluding depreciation but including his retirement contribution, is $10,355.08 per month. (Defendant's brief, p. 7.) After a review of the documents submitted by Father regarding his financial status and employing the statutory rules above listed, the court finds this number to be sufficiently accurate for inclusion in the *Melzer* formula.

---

1. Petitioner's exhibit 10.

Mother's monthly disposable income, as determined from a review of her financial records, is $8,872.66.

Once the court has determined the reasonable needs of the children and the parent's available income, the third step the court must undertake is a calculation to determine each parent's total support obligation. This formula is as follows:

Mother's total support obligation =
$$\frac{\text{Mother's income available for support (IAS)}}{\text{Mother's IAS + Father's IAS}} \times \text{children's needs}$$

Father's total support obligation =
$$\frac{\text{Father's income available for support (IAS)}}{\text{Father's IAS + Mother's IAS}} \times \text{children's needs}$$

In this case, the calculation produces the following result: Mother's total support obligation:

Mother's total obligation =
$$\frac{\$8,872.66}{(\$8,872.66 + \$10,355.08)} \times \text{children's needs}$$

$$\frac{\$8,872.66}{\$19,227.74} \times \$8,277$$

$$.461451 \times \$8,277 = \$3,819.43$$

Father's total obligation =
$$\frac{\$10,355.08}{(\$10,355.08 + \$8,772.66)} \times \text{children's needs}$$

$$\frac{\$10,355.08}{\$19,277.74} \times \$8,277$$

$$.538549 \times \$8,277 = \$4,457.57$$

Therefore, according to the *Melzer* formula, Mother is obligated to provide $3,819.43 per month in child support and Father is obligated to provide $4,457.57.

Finally, once the parent's total support obligation has been defined, the court must determine what portion of that obligation may be offset by support provided directly to the children. There is no claim or testimony in this matter regarding support provided directly to any of the children, so this fourth step is unnecessary.

Although the court recognizes that the support obligation of Father could at this time be increased, it is the determination of this court that maintaining the current order is more appropriate under the circumstances.

## ORDER

Now, March 20, 2001, pursuant to *Melzer* and the foregoing analysis, it is the order of this court that defendant's petition to modify child support be and is hereby dismissed.