577 A.2d 640

Eugene BLAISURE, Appellant,

v.

Nancy BLAISURE, Appellee.

Nancy BLAISURE, Appellee,

v.

Eugene BLAISURE, Appellant.

Superior Court of Pennsylvania.

Argued April 13, 1990.

Filed July 11, 1990.

474

Gregory H. Chelak, Chambersburg, for appellant.

David A. Serclak, Tunkhannock, for appellee.

Before McEWEN, MONTEMURO and KELLY, JJ.

KELLY, Judge:

In this appeal we are called upon to decide whether the trial court erred in its determination of the amount of child support to be paid by parents, each of whom have one child in their care. For the reasons which follow, we vacate the

order and remand the case for action in keeping with the laws of this Commonwealth.

The facts in this case are simple but the procedural history is not. Eugene Blaisure and Nancy Blaisure married in 1971 and separated in March 1987. The record before us does not indicate whether the divorce action, filed in Lackawanna County, has yet been finalized. There were two children born of the marriage, Jason (D.O.B. 1/31/72) and Rebecca (D.O.B. 3/31/75). Since the separation Jason has resided with Eugene, and Rebecca with Nancy and a man with whom Nancy shares living expenses. Initially, only Eugene was under an order of support for Rebecca, effective October 13, 1987 in the amount of $40 per week plus a retroactive arrearage which brought the payment to $50 per week. Eugene subsequently petitioned for support for Jason, and an order was entered against Nancy on July 17, 1989 ordering payment effective January 15, 1988, in the amount of $65 per week plus a $5 arrearage.

Nancy never paid the ordered support, but petitioned for consolidation of both support cases pursuant to 23 Pa.C.S.A. 4349, and for a *de novo* hearing under R.Civ.Pro. 1910.11(f). The court ordered the consolidation and hearing.

In the interim, Eugene became unemployed thus presenting changed circumstances and reduction in his present ability to pay support at the time of the hearing. A *de novo* hearing to determine the support obligations of both parties was held on September 6, 1989 in Wyoming County. It is the child support order issued following that hearing from which Eugene timely appeals.

In reviewing an order of child support we will not overturn the order unless the court abused its discretion in fashioning the award. Such abuse will be found where there is insufficient evidence to sustain the award or when the law is overridden or misapplied. *Commonwealth ex rel. Sladek v. Sladek*, 386 Pa.Super. 490, 563 A.2d 172 (1989); *Fee v. Fee*, 344 Pa.Super. 276, 496 A.2d 793 (1985). It is indisputable that such abuse has occurred in this case.

In *Melzer v. Witsberger*, 505 Pa. 462, 480 A.2d 991 (1981), our Supreme Court enunciated guidelines to be followed by trial courts in ascertaining and issuing child support orders. The *Melzer* formula initially requires a determination of the reasonable needs of the children involved. *Marshall v. Ross*, 373 Pa.Super. 235, 540 A.2d 954 (1988).[1]

■ The trial court was without testimony or evidence as to the reasonable needs of *both* children. While Eugene provided extensive testimony concerning his expenditures for Jason who is in his care (N.T. 9/6/89 at 37–42), there was *no* testimony or evidence of any kind presented concerning expenditures for Rebecca who is in Nancy's care. Absent such evidence, there was no basis on which to determine what Rebecca's reasonable needs may have been. Such a needs determination is integral to be in compliance with *Melzer*.

■ Further, the income of Nancy, on which the court based its support order, was based on commissions earned in one period in 1989 and held to be $175 per week or $19,000 per annum, when Nancy herself testified that her salary varied through the year but that from *May* through December of 1987 she earned $17,000 or $18,000, and in 1988 she earned *$38,000*. (N.T. 9/6/89 at 22). The trial court neglected to ascertain Nancy's gross earnings for 1989 and gave no reason for basing its award on the commissions earned in only one period when that amount was only 50% of her actual earnings in the job in each of the prior two years, and thus was clearly not indicative of her proven earning capacity. *Akers v. Akers*, 373 Pa.Super. 1, 540 A.2d 269 (1988). In Pennsylvania *both* parents share an equal responsibility for supporting their children and must be required to discharge their obligations in accordance with their capacity and ability. *Michael v. Michael*, 360

1. The hearing and order of the court were governed by the law and procedures in existence prior to the adoption of the statewide guidelines under Rules of Civil Procedure 1910.16–1 to 1910.16–5 effective September 30, 1989. The new guidelines assign a percentage of income, rather than a need determination, as the basis of the award. The manner of application of the new guidelines on remand is a matter for the trial court to determine in the first instance.

478

Pa.Super. 312, 520 A.2d 473, *appeal denied,* 515 Pa. 623, 531 A.2d 431 (1987). The ability to pay support is determined primarily by the parent's financial resources and earning capacity. *DeMasi v. DeMasi,* 366 Pa.Super. 19, 530 A.2d 871, *appeal denied,* 517 Pa. 631, 539 A.2d 811 (1988). It was an abuse of discretion not to base Nancy's support obligation on her established earning capacity.

 In addition, the court failed to ascertain Nancy's interest and actual or potential income from the antique business in which she is involved with her own mother, or her own activity in the antique toy trade as well as the extent of her personal holdings and investment in antique toys. It appears from the evidence presented that Nancy has additional sources of potential income for inclusion in determining her support obligation, about which the court neglected to gather accurate evidence of value. The trial court must consider every aspect of a parent's financial ability to pay support including property interests, stocks or other forms of investment. *Marshall v. Ross,* 373 Pa.Super. 235, 540 A.2d 954 (1988). When, as may be the case here, a parent has a business which retains profits and earnings without sufficient business justification, those retained earnings are also required to be included in income for the purpose of determining support. *King v. King,* 390 Pa.Super. 226, 568 A.2d 627 (1989). The trial court failed to request tax returns, business records or any other evidence to establish the extent of Nancy's personal or business holdings in antiques or her involvement in her mother's antique business. We note the fact that Nancy's mother slammed her door on the hand of the man attempting to serve her the subpoena to attend the support hearing, which she did not attend, indicates a reluctance to provide the court the very information it needed to assist in fairly deciding this case. (N.T. 9/6/89 at 59).

 Additionally, the trial court made no reference either on the record or in its order to the support guidelines or the formula for calculation of child support established by our Supreme Court in *Melzer v. Witsberger,* 505 Pa. 462, 480 A.2d 991 (1984). The support guidelines promulgated in

response to 23 Pa.C.S.A. § 4322 and the *Melzer* formula for calculation of child support *must both be considered* and computed on the record. *Shutter v. Reilly,* 372 Pa.Super. 251, 539 A.2d 424 (1988). Any deviation from the *Melzer* formula must be warranted by the circumstances of the case and no extraordinary circumstances were presented in this case. *Shutter, supra; Riess v. DeLuca,* 353 Pa.Super. 622, 510 A.2d 1239 (1986); *Reitmeyer v. Reitmeyer,* 355 Pa.Super. 318, 513 A.2d 448 (1986).

Finally, *the trial court vacated arrearages* due to Eugene beginning January 15, 1988 totalling almost $6,000, and due to Nancy of approximately $1,400 *without any determination that the money due to either Eugene or Nancy under the two separate orders was not a correct determination of the support arrearages owed.* The testimony of Eugene and Nancy established that at the time Eugene petitioned for support he and Nancy were earning $40,000 and $38,000 respectively. They each had one minor child in their care yet only Eugene was paying support. It appears the Court of Wyoming County recognized the inequity of the situation when it placed Nancy under court order to make a reciprocal support payment to fulfill her obligation of support to Jason. The subsequent unexplained vacation of Nancy's entire support obligation to Jason contravenes our law by neglecting to consider and include in the child support determination the amounts that Eugene is already expending in the care of Jason while creating still further burden for the care of Rebecca which appears disproportionate to the parties almost equal wages at the time. Our cases have consistently held that it is an abuse of discretion for the court not to consider the expenses incurred by a supporting parent for the children in his care when computing his support obligation for a child not living with him. *Steinmetz v. Steinmetz,* 381 Pa.Super. 440, 554 A.2d 83 (1989); *Marshall v. Ross,* 373 Pa.Super. 235, 540 A.2d 954 (1988).

The vacation of the arrearages recreated the inequitable situation which initially led Eugene to petition for support. There is no presumption that a father, solely

because of his sex and without regard to the actual circumstances of the parties, must accept the principal financial support obligation for children. *Bower v. Hoover*, 370 Pa.Super. 321, 536 A.2d 426 (1988). Both parents are obligated to contribute to the support of their children in accordance with their respective abilities. *Fee v. Fee*, 344 Pa.Super. 276, 496 A.2d 793 (1985). Absent legal basis to find the support orders upon which arrearages accrued were improper, each parent must fulfill their legal obligation to their children. The trial court's stated reason for vacating each party's debt to the other—"to wipe both slates clean"—is obviously lacking in sound legal basis and cannot be affirmed by this Court. Additionally, the trial court was not in compliance with 23 Pa.C.S.A. § 4352(d) when it ordered vacation of the arrearages.

Based on the foregoing the order of the trial court is vacated and we remand the case for appropriate calculation of the support needs of each child as well as each parent's ability to pay and entry of a new support order for all periods beginning January 15, 1988, when Eugene initially petitioned for and was granted support from Nancy for Jason. Jurisdiction relinquished.

Order VACATED.