Donna K MACKINLEY, Appellee

v.

Gerald L. MESSERSCHMIDT,
Appellant.

Superior Court of Pennsylvania.

Argued Feb. 13, 2002.
Filed Nov. 18, 2002.
Reargument Denied Feb. 6, 2003.

Jack A. Rounick, Norristown, for appellant.

Albert Momjian, Philadelphia, for appellee.

Before: FORD ELLIOTT, JOYCE and BECK, JJ.

BECK, J.

¶ 1 In this case we decide whether the value of vested stock options should be

considered when calculating a parent's income available for child support. We hold that once vested, stock options constitute available income that must be imputed to the parent holding them, regardless of whether the parent chooses to exercise them.

¶2 Mother and Father married in 1990 and separated in 1999. They share custody of their two minor children. When the couple appeared before a Chester County hearing officer for the purpose of determining support, Father requested that the hearing officer include in the calculation of Mother's income certain stock options that she had been granted by her employer. After the presentation of evidence and argument, the hearing officer filed her Report and Recommendations, to which both parties filed exceptions. The trial court considered the parties' exceptions, entered an order setting out the parties' incomes and resolved a number of issues, including the costs associated with extracurricular activities, childcare, and private school tuition. On appeal, Father asserts that the trial court erred in its calculation of Mother's income. Specifically, Father challenges that part of the court's order holding that Mother's vested stock options did not constitute income available for child support. The matter is now ripe for appellate review.

■ ¶3 Father's request, that the value of vested stock options be included as income available for child support, is an issue of first impression for this Court. We consider the issue under an abuse of discretion standard, reversing only if we find a "misapplication of the law or an unreasonable exercise of judgment." *Portugal v. Portugal,* 798 A.2d 246, 249 (Pa.Super.2002). Father frames his claim as a misapplication of the law due to the trial court's failure to find that Mother's stock options constituted income as that term is defined at 23 Pa.C.S.A. § 4302.

¶4 Mother is a sales manager for Amgen Company and as part of her compensation package receives bonuses and stock options. The options at issue are 2,231 shares of Amgen Company stock, which vested on July 1, 2000. The trial court adopted the hearing officer's recommendation and did not include the options as income, but required Mother to exercise the options at some time "during the children's minority," at which time "the gain will appropriately be included as income." Trial Court Opinion, 6/29/01, at 6. The court determined that in the event Mother failed to exercise her options in a timely manner, Father could "petition the court for an Order of enforcement." *Id.* at 7.

■ ¶5 When determining income available for child support, the court must consider all forms of income. *Blaisure v. Blaisure,* 395 Pa.Super. 473, 577 A.2d 640, 642 (1990) (court must consider every aspect of parent's financial ability, including stocks). The term income has been defined by the Legislature:

'Income'. Includes compensation for services, including, but not limited to, wages, salaries, bonuses, fees, compensation in kind, commissions and similar items; income derived from business; gains derived from dealings in property; interest; rents; royalties; dividends; annuities; income from life insurance and endowment contracts; all forms of retirement; pensions; income from discharge of indebtedness; distributive share of partnership gross income; income in respect of a decedent; income from an interest in an estate or trust; military retirement benefits; railroad employment retirement benefits; social security benefits; temporary and permanent disability benefits; workers' compensation; unemployment compen-

sation; other entitlements to money or lump sum awards, without regard to source, including lottery winnings; income tax refunds; insurance compensation or settlements; awards or verdicts; and any form of payment due to and collectible by an individual. regardless of source.

23 Pa.C.S.A. § 4302.

¶ 6 A stock option, typically a "form of compensation," is defined as "an option to buy or sell a specific quantity of stock at a designated price for a specified period regardless of shifts in market value during the period." Black's Law Dictionary 1431 (7th ed.1999). An option is "vested" when all conditions attached to it have been satisfied and it may be exercised by the employee. *Fisher v. Fisher*, 564 Pa. 586, 769 A.2d 1165, 1166 n. 1 (2001). Father argues that Mother's vested stock options are income because they constitute "compensation for services" as set out in § 4302. The record supports this claim. As the trial court noted, Mother's compensation package from Amgen includes "a salary, bonuses and stock options." Trial Court Opinion, 6/29/01, at 1. But Mother argues that the options cannot be considered income because "Pennsylvania recognizes unexercised stock options as assets—not income." Appellee's Brief at 9. In support of this claim, Mother relies on *Fisher*.

¶ 7 In *Fisher*, our state supreme court was asked to decide whether unvested stock options granted to a spouse during the marriage constituted marital property. The court found that the unvested options were marital assets. However, the court deferred distribution of the assets until the options vested because it was "absolutely impossible to predict with reliability what any stock will be worth on any future date" and "ascription of a value to a stock option before it vests is impermissibly speculative." *Id.* at 590, 769 A.2d at 1169.

¶ 8 *Fisher* is not controlling here. *Fisher* addressed *unvested* options while we have before us *vested* options. In addition, *Fisher* involved the division of marital property for purposes of equitable distribution, not child support. In this case, we are not dividing a couple's assets for the purpose of effectuating economic justice between them. Instead, we are determining the amount of income each parent has available for the daily welfare and needs of their children. The focus and the interests at stake are far different.[1]

¶ 9 However, *Fisher* provides guidance. The *Fisher* court explicitly recognized that stock options were a form of income—albeit deferred income. This recognition is significant here since all income, in whatever form, must be considered when calculating child support. 23 Pa.C.S.A. § 4302; *Blaisure supra.* Further, the *Fisher* court's reluctance to distribute the stock options in that case was based on the fact that the options had not yet vested, making it impossible to predict their worth or assign a value. Mother makes a similar argument here, claiming that Father's

---

1. For that reason, we reject Mother's suggestion that we treat the options in the same manner they are treated under the Internal Revenue Code. In keeping with I.R.C. § 421(a)(1), Mother proposes that the options be considered income only if and when she decides to exercise them. Our focus here is on how stock options should be treated in the context of child support, not how stock options are affected by federal income tax regulations. *See Labar v. Labar*, 557 Pa. 54, 731 A.2d 1252 (1999) (federal tax law deductions not relevant when calculating income available for child support). *See also Darby v. Darby*, 455 Pa.Super. 63, 686 A.2d 1346 (1996), *appeal denied*, 548 Pa. 670, 698 A.2d 594 (1997) (federal income tax definitions do not apply for purposes of determining child support).

characterization of the options as income "would require the trial court to impute an arbitrary value to assets whose potential value is not ascertainable." Appellee's Brief at 8. This simply is not true. Mother's option to purchase over 2,000 shares of Amgen has vested and as a result can be valued with certainty on the date that her income calculation is made.[2]

■■■ ¶ 10 Child support is a paramount duty of a parent. The principle is so firmly established in our law that a parent's obligation is based on her "earning capacity" rather than her actual income. In an effort to insure that parents attend to the immediate financial needs of their children, courts frequently look beyond the income actually received. *Neil v. Neil*, 731 A.2d 156 (Pa.Super.1999). In recognition of this overriding concern in the context of child support, a parent who chooses not to take advantage of income available to her is nevertheless deemed to have the capacity for such earnings, which are then included in her income available for support. *Laws v. Laws*, 758 A.2d 1226 (Pa.Super.2000).

¶ 11 In a very recent opinion of this court, we held that an employer's contributions to a pension plan constitute income for purposes of support "if the employee could access his employer's contributions (regardless of penalties) at the time of the support calculation." *Portugal v. Portu-gal*, 798 A.2d 246, 253 (Pa.Super.2002). We did so based on the dominant interest of the children's immediate needs, as well as the recognition that children should not be made to wait for support and parents should not be permitted to defer income to which they are entitled until they choose to avail themselves of it. Those same concerns are present under these facts. Further, the value of Mother's stock options, once vested, is no less accessible than the employer's pension contributions in *Portugal*. Indeed, the fact that Mother's stock options have vested makes them analogous to pension funds in "pay-out status." Plainly, on the date the options vest, Mother has access to them.

■■■ ¶ 12 Mother claims that the options she holds are merely "potential income." For the reasons set out above, we disagree. Mother's vested options represent *available* income and for that reason should be included in the calculation of her income *available for support*. We hold that once vested, stock options become accessible to a parent and so should be accessible to her children as well.

¶ 13 Although we conclude that the options in this case must be made part of Mother's income calculation, we do not believe she should be forced to exercise the options by a specific date. We are aware that a party may wish to hold rather

---

2. If the options are for a publicly traded company, the stock value is readily ascertainable. If the options are for a non-publicly traded company, expert opinion may be required to value the stock. In any event, calculation would be a simple task. For instance, if on the day income is calculated, the value of Amgen stock is worth $30.00 per share, and Mother was entitled under the terms of her options to purchase the stock at $10.00 per share, the court would impute income of $44,620.00 (2,231 shares × $20.00 per share) less any transaction costs.

The dissent's concern that a party may not have the "financial means" to exercise her options is unwarranted. The only instance in which income would be imputed is where the cost of the stock (the option price) is less than its market value. An option holder who wishes to exercise her options would have no difficulty in accomplishing the purchase and sale in a single transaction, resulting in a profit for the option holder. An option holder who does not wish to exercise her options (perhaps because she expects the stock price to continue to rise) could secure a loan, using the vested options as collateral.

than exercise her options. If a parent concludes it is financially advantageous not to exercise her options, she should be free to do so. This may place her in the position of using funds other than the gain from her options for support purposes. But, much like the parent who voluntarily chooses to reduce her income, she nevertheless will be obligated to pay support based on what she has the *capacity* to earn. The value of options at the time income is calculated must be imputed to the parent who holds them. It is the parent's *ability to access* the funds granted by her employer in her compensation package that requires the value of those funds be considered when calculating income available for child support.

¶ 14 Based on the statutory definition of income, the holding in *Portugal* and, most importantly, the primary interest of providing for the immediate needs of the children, we hold that Mother's stock options represent income available for child support. The value of the options at the time her income is calculated must be imputed to Mother, regardless of whether she exercises them, a decision that is for her alone.

¶ 15 Order reversed. Matter remanded for proceedings consistent with this Opinion.[3] Jurisdiction relinquished.

¶ 16 FORD ELLIOTT, J. files a Dissenting Opinion.

FORD ELLIOTT, J., Dissenting.

¶ 1 I respectfully dissent. While I agree with the majority that child support is a paramount duty of a parent and that in determining income available for child support, the court must consider all forms of income, I cannot agree that unexercised stock options represent ascertainable income for support purposes. A stock option is precisely that, an option to purchase stock. To realize any value in the options, the holder must actually purchase the stock. This alone would support the conclusion that unexercised stock options are not income available for support.

¶ 2 I agree that the courts of this Commonwealth have held that when determining a child support obligation, the court "must consider every aspect of a parent's financial ability to pay support including property interests, stocks and other forms of investment." *Blaisure,* 577 A.2d at 642. However, in considering the parent's financial ability to pay, the court must not only consider all ascertainable assets but also be able to value those assets and determine the income available from them for support purposes. As the *Fisher* court found, stock options do not lend themselves to such valuations until vested and exercised. I find further support for the *Fisher* court's analysis in *Marchlen v. The Township of Mt. Lebanon,* 560 Pa. 453, 746 A.2d 566 (2000). While limited to the issue of whether stock options constitute compensation to an employee and therefore may be taxable by a political subdivision as earned income, the court determined that stock options are in fact compensation but ascertaining their value for taxation purposes occurs when they are exercised.

Thus, it is not that stock options have no value at the time they are granted, rather, the value of the stock option is speculative and not readily ascertainable until exercised. It is precisely for this reason that the taxing authority must wait until

---

**3.** We reject Father's additional claim that the trial court erred when it failed to apply Pa. R.Civ.P.1910.16–4(c)(2), concerning variations of support calculations under the guidelines. Assuming this claim has been pre-

served, we note that this case was decided under the formula set out in *Melzer v. Witsberger,* 505 Pa. 462, 480 A.2d 991 (1984). It is not a guidelines case.

the exercise of the stock option to compute the associated tax liability.

*Marchlen,* 560 Pa. at 460–461, 746 A.2d at 570 (footnotes omitted). At the heart of the court's discussion in *Marchlen* is the idea that until the option is exercised and the stock actually purchased there is not realized income but only the prospect of potential income.[4]

¶ 3 The majority, while not requiring Mother to exercise her options, does ascribe to Mother an earning capacity based on the unexercised options. However, what of the case in which a parent has options but is without the financial means to exercise them. Moreover, would the earning capacity valuation depend on Mother exercising all of her options or just some of her options; would the value be the difference between her purchase price and the stock value on the date of the filing of the petition for support or modification or the date of the hearing; should a party be able to petition for modification of support based on the daily vagaries of the stock market?

¶ 4 It needs to be recognized that while some employees have a choice as to whether to take a portion of their compensation in the form of stock options, other employees do not have that choice. Rather the options are controlled and granted by the employers in lieu of salary. In the event that an employee-spouse chooses stock options to reduce income for any purpose, thus leaving the dependent spouse or children without adequate support, on petition, the trial court may treat such actions

by the obligor spouse as it would any voluntary reduction of income. *See* Pa. R.Civ.P.1910–16–2(d)(1), 42 Pa.C.S.A. However, in such a case, the trial court is not valuing the stock options but rather assigning an earning capacity based on the obligor's decision to reduce actual income.[5]

¶ 5 For all of the above reasons, I would affirm the trial court's decision to refuse to include Mother's stock options as part of her income presently available for child support.

---

**4.** The *Marchlen* court also noted that stock option plans take many forms and have assorted conditions.

**5.** I note the majority's reliance on *Portugal* decided by this same panel. However, I believed then and still believe today that the salient factors in *Portugal* as to whether contributions to a 401(K) retirement account can be included as income for support purposes

are: (1) that the employee's contributions to the account were voluntary; (2) that the employer contributions were accessible by the employee; (3) that the value of all the contributions was readily ascertainable. Based on the facts and record before this court, I do not find *Portugal* instructive or controlling in the present case.