J-A08028-15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| M.P.S. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| T.J.S. | : | |
| | : | |
| Appellee | : | No. 1340 MDA 2014 |

Appeal from the Order of July 9, 2014
In the Court of Common Pleas of Lycoming County
Civil Division at No.: 2010-20828

BEFORE:    SHOGAN, J., WECHT, J., and STRASSBURGER, J.*

DISSENTING MEMORANDUM BY STRASSBURGER, J.:        **FILED JUNE 05, 2015**

I respectfully dissent.

The learned Majority concludes that Husband waived all three issues he seeks to raise.

The Majority holds that Husband waived his first and third issues on appeal for failing to include the transcript from the support hearing in the record.  In my view, the absence of the hearing transcript does not hinder meaningful review of the merits of those issues.  Therefore, we may address these issues on the merits.

In his first issue, Husband contends that there was not a material and substantial change in circumstances sufficient to warrant modification of child support based on the change in the parties' incomes.  Husband's Brief at 10-11.  In determining whether modification was appropriate, the trial

---

*Retired Senior Judge assigned to the Superior Court.

court calculated each party's income from 2010-2013. Those income values, which Husband does not dispute,[1] demonstrate that although Wife earned more than Husband in 2010, the year the property settlement agreement was executed, Husband earned more than Wife from 2011-2013. Based on the change in the parties' incomes, the trial court concluded that a material and substantial change in circumstances existed warranting modification. Upon review, I conclude that the trial court did not abuse its discretion in so doing.

In his third issue, Husband argues that Wife failed to present any evidence that paying Husband $600.00 per month pursuant to the property settlement agreement would result in prejudice to the children's welfare because she would be unable to meet their needs. Husband's Brief at 11-13. However, the trial court did not require Wife to prove actual prejudice, as it relied upon Pa.R.C.P. 1910.16-4(c)(2) which provides that "when the children spend equal time with both parents, … [i]n no event shall an order be entered requiring the parent with the lower income to pay basic

---

[1] To the extent Husband suggests that his overtime pay should not have been included in the calculation of his income, I disagree. **See Murphy v. McDermott**, 979 A.2d 373, 378 (Pa. Super. 2009) ("When determining income available for child support, the court must consider all forms of income.") (quoting **MacKinley v. Messerschmidt**, 814 A.2d 680, 681 (Pa. Super. 2002)); **see also** 23 Pa.C.S. § 4302 (defining "income" as, *inter alia*, "compensation for services, including, but not limited to, wages, salaries, bonuses, fees, compensation in kind, commissions and similar items"). I further note that Husband does not dispute that he earned the overtime pay.

child support to the parent with the higher income." Again, Husband does not dispute the trial court's findings regarding the parties' incomes, and those findings reveal that post-January 2011, Wife's income was lower than Husband's. No transcript is necessary to deal with that issue.

The Majority also finds Husband's second argument waived — that the trial court failed to consider Wife's $600.00 contractual obligation. The Majority's reasoning is that Husband's brief devotes only three sentences to this issue. No more than that is necessary. It is the crux of this case, as it was when this case was previously before us.

Wife obligated herself to pay $600.00 per month to Husband, to help with mortgage payments so the children could continue to reside in what had been the marital residence. This was never a guidelines case. From the outset, Wife, by agreement, was paying more than the guideline amount, and that agreement needs to be factored into the support arrangement. Neither the trial court nor the Majority does that.

I respectfully dissent.