J-S83032-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| M.M.F. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| V.A.F. | : | |
| | : | |
| Appellant | : | No. 945 EDA 2017 |

Appeal from the Order February 14, 2017
In the Court of Common Pleas of Northampton County
Domestic Relations at No(s): DR-36710,
PACSES Case #922111536

BEFORE: GANTMAN, P.J., OLSON, J., and DUBOW, J.

MEMORANDUM BY GANTMAN, P.J.: **FILED JANUARY 18, 2018**

Appellant, V.A.F. ("Father"), appeals from the order entered in the Northampton County Court of Common Pleas, which finalized the November 10, 2016 order that dismissed Father's petition to modify the existing support order. We affirm.

In its opinion, the trial court fully and correctly set forth the relevant facts and procedural history of this case. Therefore, we have no reason to restate them.

Father raises the following issues for our review:

> WHETHER THE TRIAL COURT COMMITTED [AN] ERROR OF LAW AND/OR AN ABUSE OF DISCRETION IN FAILING TO ADJUST THE PRESENT SUPPORT ORDER AS TO THE AMOUNT [FATHER] IS TO PAY IN MONTHLY CHILD SUPPORT RETROACTIVELY TO MAY 2015 TO REFLECT THE FACT THAT APPELLEE [("MOTHER")] HAS BEEN RECEIVING AN ADDITIONAL $1,201.47 PER MONTH AS: (A) HER *PRO*

*RATA* PORTION OF FATHER'S PENSION IN THE AMOUNT OF $701.47; PLUS (B) A PENALTY PROVISION FROM [FATHER'S] PENSION OF $500 PER MONTH, AND MOTHER IS PERMITTED TO BE CHARGED RETROACTIVELY DUE TO THE FACT THAT MOTHER FAILED TO REPORT THIS ADDITIONAL INCOME AS REQUIRED BY 23 PA.C.S. § 4353(A)?

WHETHER THE TRIAL COURT [COMMITTED] AN ERROR OF LAW AND/OR AN ABUSE OF DISCRETION IN ESSENTIALLY CHARGING FATHER WITH THREE (3) FULL-TIME INCOMES: (A) FOR A MONTHLY *PRO RATA* PORTION OF HIS FORMER LUMP SUM DISTRIBUTION FROM A FORMER WORKERS COMPENSATION SETTLEMENT; (B) FOR A MONTHLY DISTRIBUTION FROM HIS PENSION OF $201.24; AND (C) FOR HIS FULL-TIME JOB WITH AMAZON.COM, ANY OF WHICH SITUTATIONS ALONE WOULD NORMALLY BE CONSIDERED A "FULL-TIME" JOB AND THUS THIS "TAKING" REPRESENTS A VIOLATION OF EQUAL PROTECTION UNDER THE LAW?

WHETHER THE TRIAL COURT COMMITTED AN ERROR OF LAW AND/OR AN ABUSE OF DISCRETION BY NOT BIFURCATING THE PRESENT CHILD SUPPORT ORDER GIVEN THAT [FATHER] DID NOT…START HIS POSITION WITH AMAZON.COM FOR OVER A MONTH, *I.E.*[,] UNTIL OCTOBER 21, 2016, AFTER HE HAD FILED HIS PETITION FOR MODIFICATION ON SEPTEMBER 12, 2016, YET THE PRESENT ORDER DOES NOT REFLECT HIS REDUCED INCOME FOR THE PRIOR FIVE (5) WEEKS?

(Father's Brief at 4).

Preliminarily, we observe that appellate briefs must conform in all material respects to the briefing requirements set forth in the Pennsylvania Rules of Appellate Procedure. Pa.R.A.P. 2101. **See also** Pa.R.A.P. 2114-2119 (addressing specific requirements of each subsection of brief on appeal). Regarding the argument section of an appellate brief, Rule 2119(a) provides:

**Rule 2119.  Argument**

  **(a)  General rule.**—The argument shall be divided into as many parts as there are questions to be argued; and shall have at the head of each part—in distinctive type or in type distinctively displayed—the particular point treated therein, followed by such discussion and citation of authorities as are deemed pertinent.

Pa.R.A.P. 2119(a).  "[I]t is an appellant's duty to present arguments that are sufficiently developed for our review.  The brief must support the claims with pertinent discussion, with references to the record and with citations to legal authorities."  ***Commonwealth v. Hardy***, 918 A.2d 766, 771 (Pa.Super. 2007), *appeal denied,* 596 Pa. 703, 940 A.2d 362 (2008) (internal citations omitted).  "This Court will not act as counsel and will not develop arguments on behalf of an appellant."  ***Id.***  If a deficient brief hinders this Court's ability to address any issue on review, we shall consider the issue **waived**.  ***Commonwealth v. Gould***, 912 A.2d 869, 873 (Pa.Super. 2006) (holding appellant waived issue on appeal where he failed to support claim with relevant citations to case law and record).  ***See also In re R.D.***, 44 A.3d 657 (Pa.Super. 2012), *appeal denied*, 618 Pa. 677, 56 A.3d 398 (2012) (holding appellant waived issue, where argument portion of appellant's brief lacked meaningful discussion of, or citation to, relevant legal authority regarding issue generally or specifically; appellant's lack of analysis precluded meaningful appellate review).

  Instantly, the argument section of Father's brief is significantly underdeveloped.  All three of Father's issues lack meaningful discussion of

his position, and instead Father mostly restates the facts of his case. **_See In re R.D., supra_**. The citations to authority Father included in his brief fail to strengthen any argument. Although the authorities Father cited do involve child support orders, they are not pertinent to Father's case. **_See Hardy, supra_**; Pa.R.A.P. 2119(a). Therefore, Father waived his issues for appellate review. **_See Gould, supra_**.

Moreover, even if Father properly preserved his issues, we would affirm on the basis of the trial court's opinion. (**_See_** Trial Court Opinion, filed May 16, 2017, at 12-19) (finding: **(1)** Father filed his most recent petition for modification of support on September 12, 2016, and sought to have support order modified retroactively to May 2015, when Father claims Mother began "misrepresenting" her income by failing to report her receipt of portion of Father's pension; court denied Father's request because Father had direct knowledge of pension payments made to Mother since May 2015, and could have petitioned to modify support at any point after May 2015, but Father failed to seek modification of support until September 12, 2016; thus, Father did not promptly file his most recent support modification petition; moreover, Father presented no compelling reason for retroactive application of any modification order to May 2015; further, record does not indicate Mother misrepresented her income, and Father did not proffer any other reason to support his retroactivity request; to extent Father disputes Mother's entitlement to portion of Father's pension, this issue has already

been litigated; record is devoid of any evidence requiring court to change effective date from date of filing of modification petition; **(2)** court correctly considered Father's three sources of monthly income when calculating his child support obligation; at October 26, 2016 conference, Father reported he had been hired by Amazon and provided wage certification; Father's income from Amazon position constitutes "income" for purposes of child support; income assessed from Father's pension and worker's compensation have been previously litigated; both funds are "income" for purposes of child support; Father's assertion that court violated his equal protection rights in calculating Father's income lacks legal basis; **(3)** regarding Father's effort to "bifurcate" current support order to reflect Father's reduced income between September 12, 2016, and October 21, 2016, when he was not yet employed with Amazon, Conference Officer decided there was no basis for Father's requested support modification; rather, Conference Officer saw basis for increase in Father's support obligation, but she decided against any increase because it would create undue hardship for Father; given that finding, bifurcation was unwarranted).  Accordingly, Appellant waived his issues for appeal, and we affirm the court's order dismissing Father's petition to modify the existing support order.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/18/2018

**IN THE COURT OF COMMON PLEAS OF NORTHAMPTON COUNTY**
**COMMONWEALTH OF PENNSYLVANIA**
**DOMESTIC RELATIONS SECTION**

M. M. F.                    ,

      **Plaintiff,**

      **vs.**

V. A. F.                  ,

      **Defendant.**

**No.: DR-36710**
**PASCES No.: 922111536**
**Super. Ct. No.: 945 EDA 2017**

RECEIVED 2017 MAY 16 AM 8: 52 NORTHAMPTON COUNTY, PA DOMESTIC RELATIONS SECTION

### PENNSYLVANIA RULE OF APPELLATE PROCEDURE
### 1925(a) STATEMENT

**AND NOW**, this 16th day of May, 2017, the court issues the following statement:

On March 15, 2017, Defendant V. A. F. ("Defendant") filed and served upon the court a timely Notice of Appeal to the Superior Court of Pennsylvania from the Order of Court dated February 14, 2017. *See* Notice of Appeal,                  , DR-0036710 (C.P. Northampton Co. February 14, 2017). On April 10, 2017, pursuant to our request under Pa.R.C.P. No. 1925(b), Defendant filed and served upon the court a Concise Statement of Matters Complained of on Appeal. *See* Concise Statement,

, DR-0036710 (C.P. Northampton Co. Apr. 10, 2017). For the reasons that follow, we respectfully suggest that the Defendant's appeal lacks merit.



## BACKGROUND

I.   Factual and Procedural History

On March 17, 2010, Plaintiff M. M. F. ("Plaintiff") filed a Complaint for Support seeking support for three children and spousal support.[1] *See* Complaint for Support, , DR-0036710 (C.P. Northampton Co. Mar. 17, 2010). On May 10, 2010, following a May 5, 2010 hearing, the undersigned entered an Order of Court requiring Defendant to pay support for three children in the amount of $1,038.00 per month, spousal support in the amount of $498.00 per month, and $154.00 per month in arrears. *See* Order of Court, DR-0036710 (C.P. Northampton Co. May 10, 2010). Defendant filed objections to the May 10, 2010 Order and a hearing was held on June 2, 2010. *See* Objections, ), DR-0036710 (C.P. Northampton Co. May 10, 2010). On June 8, 2010, the undersigned entered an Order of Court requiring Defendant to comply with the May 10, 2010 Order. *See* Order of Court, ), DR-0036710 (C.P. Northampton Co. Jun. 8, 2010).

On June 14, 2011, the Honorable Paula A. Roscioli entered an Order of Court modifying the child support based upon one of the three children having reached the age of majority. *See* Order of Court,

---

[1] Plaintiff filed a Complaint in divorce against Defendant on September 28, 2007. *See* Complaint, *Ferraro v. Ferraro*, C-48-CV-2007-08484 (C.P. Northampton Co. September 28, 2007). The parties' divorce was granted on July 18, 2016. *See* Decree, *Ferraro v. Ferraro*, C-48-CV-2007-08484 (C.P. Northampton Co. July 18, 2016).

2

DR-0036710 (C.P. Northampton Co. Jun. 14, 2011). Pursuant to this Order, Defendant was required to pay child support in the amount of $761.34 per month for the support of two children, allocated $692.00 per month for current support and $69.34 for arrears, effective June 8, 2011. *See id.*

On October 21, 2013, Defendant filed a Petition for Modification seeking to decrease his child support payments. *See* Petition for Modification, . DR-0036710 (C.P. Northampton Co. Oct. 21, 2013). On November 26, 2013, the parties appeared for a Support Conference with Conference Officer Brad Umholtz ("Umholtz"). *See* Summary of Trier of Fact, DR-0036710 (C.P. Northampton Co. Nov. 26, 2013). Umholtz noted that Defendant reported that he had worked for Northampton County for twenty years and retired on January 20, 2012. *See id.* Defendant was receiving income from his pension in the amount of $1,402.20 per month. *See id.* Defendant also indicated that he received a $120,000.00 lump sum monetary settlement from a Worker's Compensation claim. *See id.* Umholtz noted that Defendant's income calculation was pending submission of Defendant's Worker's Compensation compromise paperwork by December 4, 2013. *See id.*

Upon Defendant's submission of the necessary paperwork, Umholtz determined that Defendant actually received a lump sum payment of $135,000.00. *See* Conference Officer Note, . ), DR-0036710

3

(C.P. Northampton Co. Dec. 6, 2013). Umholtz noted that Defendant's attorneys received, 20% or $27,000.00, of the lump sum payment. Therefore, in calculating the support obligation, the conference officer divided the remaining sum of $108,000.00 over sixty-one months, the time until the youngest child on the support order would reach the age of majority. *See id.* This calculation resulted in an attributed monthly income of $1,770.49 to Defendant per month in each of those sixty-one months, from the date he entered into the Worker's Compensation Compromise until the youngest child reached the age of majority. *See id.* Based upon this $1,770.49 attributed monthly income, plus the $1,402.20 monthly payment from his pension, Defendant's total monthly income was calculated as $3,713.00. *See id.* Applying the statutory formulas, Umholtz calculated Defendant's adjusted monthly net income as $3,115.80. *See id.*

On December 6, 2013, the Honorable Paula A. Roscioli entered an Order setting Defendant's child support obligation at $982.00 per month, allocated as $893.00 for current support and $89.00 for arrears. *See* Order of Court, DR-0036710 (C.P. Northampton Co. Dec. 6, 2013). The support obligation was based upon Plaintiff's adjusted monthly net income of $1,588.94 per month[2] and Defendant's adjusted monthly net income of $3,115.80. *See id.* The Order was effective retroactively to the

---

[2] Plaintiff's income was based upon six months of paystubs submitted to the Conference Officer. *See* Order dated Dec. 6, 2017.

date of Defendant's petition for modification, and arrears were set at $1,107.96. *See id.*

On January 6, 2014, Defendant filed a timely written demand for a *de novo* hearing of the December 6, 2013 Order. *See* Demand for *De Novo* Hearing,              , DR-0036710 (C.P. Northampton Co. Jan. 6, 2014) The *de novo* hearing was originally scheduled for April 2, 2014, however, the hearing was subsequently rescheduled several times at the request of Defendant's counsel to allow the parties to take depositions. *See* Order of Court,        , DR-0036710 (C.P. Northampton Co. Feb. 26, 2014); Order of Court,        , DR-0036710 (C.P. Northampton Co. Jul. 1, 2014).

On July 3, 2014, while the *de novo* hearing was still pending, Defendant filed a "Petition for Review seeking a Reallocation Order due to Emancipation, effective June 10, 2014." *See* Petition,        , DR-0036710 (C.P. Northampton Co. Jul. 3, 2014). On July 11, 2014, the court entered a Modified Order of Court setting the amount of child support for one child, at $688.00 a month. *See* Order of Court,       , DR-0036710 (C.P. Northampton Co. Jul. 11, 2014). The July 11, 2014 Order was based upon an adjusted monthly net income for Plaintiff of $1,599.00 and an adjusted monthly net income for Defendant of $3,115.80. *See id.* The effective date of the July 11, 2014 Order was June 10, 2014, the high school graduation date of the now emancipated child. *See id.* The total

5

support amount was $688.00, allocated $626.00 for current support and $62.00 for arrears. *See id.*

On January 28, 2015, the parties appeared before the Honorable Leonard N. Zito for a *de novo* hearing on Defendant's objections to the December 6, 2013 support order, as modified by the July 11, 2014 Order. *See* Notes of Transcript, , DR-0036710 (C.P. Northampton Co. Mar. 16, 2015) ("N.T. Jan. 28"). On March 27, 2015, Judge Zito entered an Order of Court, making the Order of December 6, 2013 final. *See* Order of Court, DR-0036710 (C.P. Northampton Co. Mar. 27, 2015). The stipulations in the Order of Court dated July 11, 2014 were to remain in effect and Defendant was granted the opportunity to petition for modification upon any change in his pension distribution or other financial circumstances. *See id.*

On May 11, 2015, Defendant filed a Notice of Appeal to the Pennsylvania Superior Court from the Order of Court dated March 27, 2015. *See* Notice of Appeal, , DR-0036710 (C.P. Northampton Co. May 11, 2015). Defendant timely filed his "Concise Statement of Errors Complained of on Appeal," pursuant to Pennsylvania Rule of Appellate Procedure 1925(b). *See* Concise Statement, , DR-0036710 (C.P. Northampton Co. Jun. 2, 2015). Defendant alleged the following four errors:

> A. Whether the Trial Court committed an error of law and/or an abuse of discretion in failing to adjust the

6

$135,000 gross amount of Father's Worker's Compensation Settlement & Release of January 23, 2013, by properly reducing it by not only the attorney's fees he paid in the amount of $27,000, but also by $13,500 set aside for Father's potential future medical expenses as well as an offset of $934.66 that was paid to DRS for child support at the time of pay-out of the lump sum, so that Father's net should have been reduced to $93,565.34?

B. Whether the Trial Court committed an error of law or abuse of discretion in not recognizing that the remaining net balance of Father's $93,565.34 net determined hereinabove at Issue A, was determined by the extremely competent Worker's Compensation Judge to replace Father's earnings during the remainder of his work-life expectancy of 402 months at a rate of payment of $232.75/month?

C. Whether the Trial Court committed an error of law and/or an abuse of discretion by not further recognizing as an alternative theory for reduction, that Father had used the net balance of his Worker's Compensation Settlement & Release to not only pay off accumulated debts he accrued during a period of time immediately preceding his Settlement, but also to pay ongoing child support?

D. Whether the Trial Court committed an error of Law and/or an abuse of discretion in miscalculating the net amount of Father's present monthly pension payment from its gross amount of $1,402.94? [Father notes that the larger issue of future child support is complicated by the Trial Court's erroneous rulings regarding the only asset of the parties' marriage, i.e. his Correction Officer's pension that is the subject of Father's separate appeal filed April 13, 205 @ docket #: C-48-CV-2007-8484.

*Id.*[3]

---

[3] The appeal referenced in paragraph D of Defendant's Concise Statement, **FOOTNOTE CONTINUED ON THE NEXT PAGE**

7

On June 8, 2015, Judge Zito filed a twenty-two page Pennsylvania Rule of Appellate Procedure No. 1925(a) Statement thoroughly addressing each of the issues raised by Defendant and respectfully suggesting that each of the issues raised by Defendant was without merit. *See* 1925(a) Statement, , DR-0036710 (C.P. Northampton Co. Jun. 8, 2015). On November 5, 2015, the Superior Court dismissed Defendant's appeal for failure to file a brief. *See* , 1450 EDA 2015 (Pa. Super. 2015).

## II.   Current Order

On September 12, 2016, Defendant filed a "Petition for Modification of an Existing Support Order," seeking to reduce his current support obligation. *See* Petition for Modification, , DR-0036710 (C.P. Northampton Co. September 12, 2016). Defendant alleged that (1) he had a change in employment; (2) Plaintiff had failed to report income she had been receiving since April 13, 2015, and (3) the court had erred concerning Defendant's sources of income. *See* Petition for Modification, , DR-0036710 (C.P. Northampton Co. Sept. 12, 2016). On October 26, 2016, the parties appeared for a conference on the petition with conference officer Stacey A. Greaves ("Greaves"). *See* Conference Officer Notes, ), DR-0036710 (C.P. Northampton Co. Oct. 26,

---

**FOOTNOTE CONTINUED FROM THE PREVIOUS PAGE**
regarding the parties' spousal support order, was dismissed by the Superior Court after Defendant failed to file a brief. *See* , ), 1471 EDA 2015 (Pa. Super. 2015).

8

2016) ("Conference Notes Oct. 26, 2016"). Greaves noted that Defendant was seeking an effective date for any modification of April 13, 2015, when Defendant alleged Plaintiff had started receiving unreported income. *See id.* Ultimately, Greaves recommended an effective date of September 12, 2016, the date of Defendant's filing. *See id.* Greaves noted that "nothing precluded either party from filing a Petition earlier . . . ; both parties have employment that was not originally reported to this section by either party . . . ; and both parties knew there was a change in . . . [Defendant's] pension." *Id.*

Defendant reported to Greaves that he had been hired by Amazon as of October 14, 2016, earning $12.70 per hour and that he was working 40 hours per week. *See id.* Defendant was also receiving $201.47 gross per month from his pension. *See id.* The lump sum settlement from the Worker's Compensation compromise remained as allocated at $1,770.49 per month.[4] *See id.* Greaves required a wage certification for Defendant before entering a recommended order. *See id.*

Defendant subsequently provided Greaves with a wage certification from Amazon indicating Defendant was earning $12.75 per hour working 40

---

[4] Greaves noted that Defendant still disputed the Worker's Compensation compromise income being attributed to Defendant's total income, but that the Worker's Compensation income had been appealed in *de novo* court and was upheld. *See id.* Therefore, Greaves would continue to include that income in the support calculation. *See* Conference Notes Oct. 26, 2016.

hours per week and that his employment began on October 21, 2016.[5] *See* Follow up Conference Notes, ⟩, DR-0036710 (C.P. Northampton Co. Nov. 10, 2016) ("Conference Notes Nov. 10, 2016"). Greaves calculated Defendant's monthly gross income as $4,182.00, resulting in an adjusted monthly net income of $3,724.00. *See id.* This monthly net income took into account Defendant's earnings from Amazon, the monthly payment from his pension, and the allocation of Defendant's lump sum Worker's Compensation award. *See id.* Greaves determined Plaintiff's adjusted monthly net income to be $3,007.00 based upon Plaintiff's pay stubs. *See id.*

Per the Uniform Support Guidelines, there was no monetary basis to decrease Defendant's support obligation. *See id.* Rather, there was actually a basis to increase his support obligation. *See id.* Greaves determined, however, that such an increase would cause the Defendant undue hardship. *See id.*

On November 10, 2016, Judge Roscioli entered an Order in accordance with Conference Officer Greaves's recommendation, dismissing Defendant's Petition to Modify without prejudice, as there was no monetary basis for a decrease in support. *See* Order, ⟩, DR-0036710 (C.P. Northampton Co. Nov. 10, 2016). The Orders dated July 11, 2014 and March 27, 2015 remained in full force and effect. *See id.*

---

[5] Defendant's reported start date at Amazon varied from Defendant's original statement to Greaves by one week. *See* Conference Notes Nov. 10, 2016.

10

On December 6, 2016, Defendant filed a written demand for a *de novo* hearing. *See* Demand for De Novo Hearing, , DR-0036710 (C.P. Northampton Co. Dec. 6, 2016). Defendant and his counsel appeared before the undersigned for a hearing on January 25, 2017. Plaintiff did not appear at the time of the hearing. *See id.* On February 14, 2017, the undersigned entered an Order making the November 10, 2016 Order of Court final. *See* Order, , DR-0036710 (C.P. Northampton Co. February 14, 2017).

## III.    Defendant's Appeal

Defendant timely filed his Notice of Appeal on March 15, 2017. *See* Notice of Appeal, *i* , DR-0036710 (C.P. Northampton Co. Mar. 15, 2017). Per our request under Pa.R.A.P. No. 1925(b), on April 10, 2017, Defendant timely filed his Concise Statement of Matters Complained of on Appeal. *See* Defendant's Statement of Matters of Complained of on Appeal, DR-0036710 (C.P. Northampton Co. Apr. 10, 2017) ("Concise Statement"). Defendant raises the following three issues:

> Whether the Trial Court committed an error of law and/or an abuse of discretion in failing to adjust the present Order retroactively to May 2015 to reflect the fact that Mother has been receiving an additional $1,201.47 per month as (a) her pro rata portion of Father's pension in the amount of $701.47; and (b) a penalty provision from Father's pension of $500 per month. Mother shall continue to receive additional income in this amount through August 2017?

11

Whether the Trial Court committed an error of law and/or an abuse of discretion in essentially charging Father with three (3) full-time incomes: (a) for a monthly pro ration portion of his former lump sum distribution from a former workers compensation settlement; (b) for a monthly distribution from his pension of $201.24; and (c) for his full-time job with Amazon.com, any of which situations alone would normally be considered a "full-time job" and this thus represented a violation of equal protection under the law?

Whether the Trial Court committed an error of law and/or an abuse of discretion by not bifurcating the present child support order given that Defendant did not have his present position in Amazon for over a month, i.e. October 21, 2016, after he had previously filed his Petition on September 12, 2016, yet the present Order does not reflect this reduced income for the prior five (5) weeks?

*Id.*

## DISCUSSION

It is well established that the Superior Court's scope of review is limited in child support cases. *See Haley v. Haley*, 549 A.2d 1316, 1317 (Pa. Super. 1988). It is within the trial court's discretion to determine the amount of a support Order, and its judgment should not be disturbed on appeal absent a clear abuse of discretion. *Id.* (citing *Ritter v. Ritter*, 518 A.2d 319, 322 (Pa. Super. 1986)). "'On appeal, a trial court's child support order will not be disturbed unless there is insufficient evidence to sustain it or the court abused its discretion in fashioning the award.'" *Id.* (quoting *Fee v. Fee*, 496 A.2d 793, 794 (Pa. Super. 1985)). A finding of abuse will be made only upon a showing of clear and convincing evidence.

12

*Id.* (citing Koller v. Koller, 481 A.2d 1218 (Pa. Super. 1984)). "The role of an appellate Court in support proceedings is limited and a finding of abuse of discretion . . . [should] not [be] made lightly." *See Haley*, 549 A.2d at 1317 (citing *Hartley v. Hartley*, 528 A.2d 233 (Pa. Super. 1987)); *see also Shindel v. Leedom*, 504 A.2d 353 (Pa. Super. 1986).

## A. Effective Date of Support Order

Defendant first argues that we erred in making the effective date of our Order the date Defendant filed for modification, rather than applying the Order retroactively to May 2015 when Plaintiff began receiving payments from Defendant's pension. *See* Concise Statement ¶ 4(A).

"A party seeking to modify a support order has the burden of proving a modification is warranted and that he/she promptly filed a modification petition." *Krebs v. Krebs*, 944 A.2d 768, 774 (Pa. Super. 2008) (citing *Maddas v. Dehaas,* 816 A.2d 234, 239 (Pa. Super.2003), *appeal denied,* 827 A.2d 1202 (Pa. 2003)). Further, "[a]n order modifying a prior support order is ordinarily retroactive to the date of filing of a petition for modification." *Krebs*, 944 A.2d at 774 (citing *Albert v. Albert,* 707 A.2d 234, 236 (Pa. Super.1998)); 23 Pa.C.S.A. § 4352(e).[6] Where a party

---

[6] Section 4352(e) of Title 23 provides:
> Retroactive modification of arrears.--No court shall modify or remit any support obligation, on or after the date it is due, except with respect to any period during which there is pending a petition for modification. If a petition for modification was filed, modification may be applied to the period beginning on the date that notice of such petition

**FOOTNOTE CONTINUED ON THE NEXT PAGE**

13

misrepresents his or her income, however, "the court may order a modification of arrearages retroactive to the date a party first misrepresented income." *Id.* at 774. To obtain additional retroactive arrearages, the party must have promptly filed a modification petition upon discovery of the misrepresentation. *See id.* "There is no bright-line rule for determining if a petition for modification was promptly filed. We look to the facts of each case and ask whether the delay was reasonable." *Id.* at 775, (citing *Maue v. Gilbert,* 839 A.2d 430, 433 (Pa. Super.2003)).

Defendant filed his Petition for Modification on September 12, 2016. *See* Petition for Modification, *Ferraro v. Ferraro,* DR-0036710 (C.P. Northampton Co. Sep. 12, 2016). He sought, however, to have the support order modified retroactively with an effective date of May 2015. *Id.* We did not grant his request. [7]

---

**FOOTNOTE CONTINUED FROM THE PREVIOUS PAGE**

was given, either directly or through the appropriate agent, to the obligee or, where the obligee was the petitioner, to the obligor. However, modification may be applied to an earlier period if the petitioner was precluded from filing a petition for modification by reason of a significant physical or mental disability, misrepresentation of another party or other compelling reason and if the petitioner, when no longer precluded, promptly filed a petition. In the case of an emancipated child, arrears shall not accrue from and after the date of the emancipation of the child for whose support the payment is made.

23 Pa.C.S.A. § 4352(e).

[7] Insofar as Defendant disputes Plaintiff's entitlement to a portion of his pension, the parties' prior litigation and Defendant's abandoned appeal bar redress of this issue.

**FOOTNOTE CONTINUED ON THE NEXT PAGE**

Defendant had direct knowledge of the pension payments made to Plaintiff since May 2015. *See* Order of Court dated Apr. 12, 2015. Defendant could have petitioned to modify his support obligation at any point after May 2015. Defendant, however, did not seek to modify his support obligation until September 12, 2016, seventeen months later. *See generally* Petition for Modification. Therefore, Defendant's petition was not "promptly filed." 23 Pa.C.S.A. § 4352(e); *see also Krebs*, 944 A2.d at 774.

Assuming, *arguendo*, that Defendant's petition could be considered "promptly filed," there is no other "compelling reason" to apply the order retroactively to May 2015. 23 Pa.C.S.A. § 4352(e). The record does not indicate Plaintiff misrepresented her income, and Defendant did not proffer any other reason supporting the requested retroactivity.

---

**FOOTNOTE CONTINUED FROM THE PREVIOUS PAGE**

"[R]es judicata provides that where a final judgment on the merits exists, a future lawsuit on the same cause of action is precluded." *J.S. v. Bethlehem Area School District*, 794 A.2d 936, 939 (Pa. Cmwlth. 2002). "[R]es judicata requires the coalescence of four factors: (1) identity of the thing sued upon or for; (2) identity of the causes of action; (3) identity of the persons or parties to the action; and (4) identity of the quality or capacity of the parties suing or being sued." *Id.* "Generally, causes of action are identical when the subject matter and the ultimate issues are the same in both the old and new proceedings." *Id.*

In April 2015, Judge Zito determined that Plaintiff was entitled to 50% of the proceeds from Defendant's pension as well as an additional $500.00 per month until August 2017 to compensate Plaintiff for the months in which she did not receive her share of the pension payout due to Defendant's actions and/or inactions. *See* Order of Court, , C-48-CV-2007-8484 (C.P. Northampton Co. Apr. 12, 2015). The Superior Court dismissed Defendant's appeal in January 2016 for failure to file a brief. *See* , 1471 EDA 2015 (Pa. Super. 2015). Any dispute as to Plaintiff's entitlement to Defendant's pension is barred by the doctrine of *res judicata*, as there is an identity of parties and claims.

15

The record is devoid of any evidence that would require this court to make the effective date of our support order any date other than the date of filing of the Petition for Modification. We respectfully submit that Defendant's first issue on appeal is without merit.

B. Defendant's Income

Defendant argues that we erred in assessing Defendant three separate incomes any one of which, he argues, constitutes a full-time job. Defendant contends this violates his constitutional guarantee of equal protection under the law. *See* Concise Statement ¶ 4(B).

By statute, income "[i]ncludes compensation for services, including, but not limited to, wages, salaries . . . ; all forms of retirement; pensions . . . ; [and] workers' compensation." 23 Pa.C.S.A. § 4302. "When determining income available for child support, the court must consider all forms of income." *MacKinley v. Messerschmidt*, 814 A.2d 680, 681 (Pa. Super. 2002) (citing *Blaisure v. Blaisure*, 577 A.2d 640, 642 (Pa. Super. 1990)).

"Generally, the amount of support to be awarded is based upon the parties' monthly net income." Pa.R.C.P. 1910.16-2. Rule 1910.16-2(a) defines "Monthly Gross Income" as follows:

> (a) *Monthly Gross Income.* Monthly gross income is ordinarily based upon at least a six-month average of all of a party's income. The term "income" is defined by the support law, 23 Pa.C.S.A. § 4302, and includes income from any source. The statute lists many types of income including, but not limited to:

16

(1) wages, salaries, bonuses, fees and commissions;
(2) net income from business or dealings in property;
(3) interest, rents, royalties, and dividends;
(4) pensions and all forms of retirement;
(5) income from an interest in an estate or trust;
(6) Social Security disability benefits, Social Security retirement benefits, temporary and permanent disability benefits, workers' compensation and unemployment compensation;
(7) alimony if, in the discretion of the trier of fact, inclusion of part or all of it is appropriate; and
(8) other entitlements to money or lump sum awards, without regard to source, including lottery winnings, income tax refunds, insurance compensation or settlements; awards and verdicts; and any form of payment due to and collectible by an individual regardless of source.

Pa.R.C.P. 1910.16-2(a). The "Official Note" to Rule 1910-16.2(a) states:

[t]he trial court has discretion to determine the most appropriate method for imputing lump-sum awards as income for purposes of establishing or modifying the party's support obligation. These awards may be annualized or they may be averaged over a shorter or longer period of time depending on the circumstances of the case. They may also be escrowed in an amount sufficient to secure the support obligation during that period of time.

Pa.R.C.P. 1910-16.2(a), Official Note.

Defendant has three sources of monthly income, all of which were properly utilized in calculating Defendant's child support obligation. *See* 23 Pa.C.S.A. § 4302; Pa.R.C.P. 1910.16-2(a). At the October 26, 2016 conference on Defendant's petition for modification, Defendant reported that

17

he had been hired full-time by Amazon. *See* Conference Notes Oct. 26. Defendant subsequently provided a wage certification from Amazon. *See* Follow up Conference Notes, DR-0036710 (C.P. Northampton Co. Nov. 10, 2016). Defendant's Amazon income constitutes "income" within the meaning of Section 4302 and Rule 1910.16-2(a)(1). *See* 23 Pa.C.S.A. § 4302; Pa.R.C.P. 1910.16-2(a)(1).

The amount of income assessed to Defendant from both his pension and his Worker's Compensation compromise were previously litigated. *See* 1450 EDA 2015 (Pa. Super. 2015) (dismissing Defendant's appeal related to Worker's Compensation income for failure to file brief); , 1471 EDA 2015 (Pa. Super. 2015) (dismissing Defendant's appeal regarding his pension for failure to file brief). These funds are "income" within the meaning of Section 4302 and Rule 1910.16-2(a)(4) and (6), respectively. *See* 23 Pa.C.S.A. § 4302; Pa.R.C.P. 1910.16-2(a)(4), (6).

There is no basis for Defendant's assertion that we violated his equal protection rights by properly applying Section 4302 and Rule 1910.16-2(a) in calculating Defendant's monthly gross income. Therefore, we respectfully suggest that Defendant's second issue on appeal is without merit and should be dismissed.

## C. Bifurcation

Finally, Defendant argues that we erred in not 'bifurcating' the November 16, 2016 Order to reflect the fact that he did not begin his position at Amazon until October 21, 2016.[8] *See* Concise Statement ¶ 4(C). Defendant argues that the Order should have reflected a reduced income between September 12, 2016 and October 21, 2016. Only thereafter, Defendant contends, should the court have attributed additional income to him from his employment at Amazon. *See id.* The November 16, 2016 Order was effective retroactively to September 12, 2016, the filing date of Defendant's petition for modification. *See* Order of Court dated Nov. 16, 2016; Order of Court dated Feb. 14, 2017.

Following a hearing on Defendant's petition, Conference Officer Greaves determined there was no basis for Defendant's requested modification. *See* Follow Up Conference Notes Nov. 10. Rather, there was a basis to increase Defendant's support obligation. *See id.* Ultimately, Greaves did not recommend an increase in Defendant's support obligation because she determined that such an adjustment would create an undue hardship for the Defendant. *See id.* Given this finding, bifurcation was not warranted. Thus, we respectfully suggest that Defendant's third issue on appeal is without merit.

---

[8] Defendant initially claimed that he began working for Amazon on October 14, 2016. *See* Conference Notes Oct. 26. Defendant eventually provided a wage certification, which showed that he actually started working for Amazon on October 21, 2016. *See* Follow Up Conference Notes Nov. 10, 2016.

19

## CONCLUSION

Based on foregoing, we respectfully suggest that Defendant's appeal is without merit and should be dismissed.

BY THE COURT

MICHAEL J. KOURY, JR., J.

20